IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NEENA S., A MINOR, BY AND THROUGH          :          CIVIL ACTION
HER PARENTS, ROBERT AND TAMI S.,           :          NO. 05-5404
AND ROBERT AND TAMI S., ADULTS,            :
INDIVIDUALLY, AND ON THEIR OWN             :
BEHALF                                     :
                                           :
            v.                             :
                                           :
THE SCHOOL DISTRICT OF PHILADELPHIA        :

O'NEILL, J.                                                    July 27, 2009

## MEMORANDUM

Plaintiffs Neena S., Robert S. and Tami S. seek an award of $92,761.55 in attorneys' fees

and $2,934.73 in costs for prevailing in their Individuals with Disabilities Education Act (IDEA)

action against defendant School District of Philadelphia.  The District opposes the request and

proposes an award of $19,692.92 in attorneys' fees and $250 in costs.  Before me now are

plaintiffs' motion for attorneys' fees and costs, defendant's response and plaintiffs' reply thereto.

## BACKGROUND

Plaintiffs Neena S. and her parents Robert S. and Tami S. requested due process hearings

pursuant to 34 C.F.R. § 300.507 to address the period starting with Neena's 1997-1998 school

year.  The hearing officer, after granting prior continuances in response to an indication that the

parties hoped to reach a resolution and not receiving status updates from the parties on requested

dates, closed these proceedings on June 24, 2003, January 6, 2004, June 26, 2004 and January 11,

2005, respectively, stating that there did not appear to be a need for a due process hearing at

those times.

During the filing, continuances, closing and refiling of the due process requests, the need arose to deal with truancy proceedings in which plaintiffs allegedly needed counsel to argue the truancy's relation to the District's failures asserted in the due process proceedings.  As a result of the truancy proceedings, the District provided Neena services and plaintiffs' attorneys assisted in obtaining services at Lindamood-Bell Learning Center.

Thereafter in 2005, plaintiffs requested a hearing pursuant to 34 C.F.R. § 300.507 seeking compensatory education.  A hearing officer held a due process hearing in two sessions on March 22, 2005 and June 29, 2005.  On July 19, 2005, the hearing officer entered a decision denying plaintiffs relief after finding that the District had offered Neena a free appropriate public education (FAPE) for the one-year period of January 2004 to June 2005 and that Neena was not entitled to compensatory education.  The hearing officer found that the plaintiffs' requested relief for the period before January 2004 was unavailable because such relief was barred by the statute of limitations.

Neena's parents filed timely exceptions to the hearing officer's order pursuant to 22 Pa. Code. § 14.162(o).  On August 23, 2005, a Pennsylvania Special Education Appeals Panel affirmed the decision.

Neena's parents appealed to this Court challenging the limitation of the period from January 2004 to June 15, 2005 and the finding that the District did not deny Neena a FAPE during the January 2004 to June 1, 2005 period.  On March 27, 2006, I held that the statute of limitations imposed by the hearing officer on July 19, 2005 and affirmed by the Panel on August

23, 2005 did not apply to this case.[1]  I remanded the case to determine what compensatory

education if any should be awarded.

On remand, the hearing officer issued a decision July 22, 2006 that Neena was not offered

a FAPE from February 1998 through January 9, 2004 because her IEPs were inappropriate which

contributed toward a lack of meaningful progress.  Compensatory education of three hours for

the period of February 10, 1998 to the 2001-2002 school year and four hours for the 2001-2002

school year was awarded for each day that Neena attended school.  The hearing officer limited

the use of these hours to reading, math, science and social studies and permitted the awarded

hours also to be used towards reading and mathematics skill-building and/or vocational

counseling and training.  Compensatory education was not awarded for the 2002-2003 school

year through January 9, 2004 because of Neena's failure to attend school during this period.

Her parents filed exceptions to the hearing officer's restrictions on Neena's use of

compensatory education to the Appeals Panel which affirmed the decision on August 18, 2006.

On October 19, 2006, plaintiffs filed a "complaint following remand" against the District

challenging the final decision of the Pennsylvania Special Education Appeals Panel and seeking

---

[1]  In my March 23, 2005 order, I held that the period at issue was not barred by a statute
of limitations due to the reasoning in Amanda A. v. Coatesville Area School District, 2005 WL
426090 (E.D. Pa. Feb. 23, 2005).  In Amanda A., my colleague Judge Padova addressed the issue
of whether the decision in Montour Area School District v. S.T. and His Parents, 805 A.2d 29
(Pa. Commw. Ct. 2002), applied to Amanda A.'s case to provide a time limitation on awards of
compensatory education.  Amanda A., 2005 WL 426090, at *4.  The state court in Montour
looked to the opinion of the Court of Appeals in Bernardsville Board of Education v. J.H., 42
F.3d 149 (3d Cir.1994), to guide its decision which applied a limitation on retroactive
reimbursement of private school tuition.  Amanda A., 2005 WL 426090, at *4.  Judge Padova
held that the Court of Appeals did not intend that the time limitation on requests for retroactive
reimbursement of private school tuition announced in Bernardsville be applied to requests for
compensatory education.  Id. at 6.

compensatory damages, the removal of the restrictions on the compensatory education awarded for Neena's denial of a FAPE for the 1997-1998 school year through the 2001-2002 school year and compensatory education for the 2002-2003 school year through June 15, 2005.  Plaintiffs sought such relief under the IDEA, 20 U.S.C. §§ 1400 et seq. (2007), 42 U.S.C. § 1983 of the Civil Rights Act and Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 et seq.  Plaintiffs and the District filed cross motions for summary judgment.

On December 19, 2008, I granted defendant's motion for summary judgment requesting that I:  (1) affirm the administrative record finding a denial of FAPE during the 1997-1998 school year through the 2001-2002 school year and awarding compensatory education for this period; (2) affirm the administrative record finding no denial of FAPE during the period of January 10, 2005 through June 15, 2005; (3) affirm the administrative record finding a denial of FAPE during the period of the 2002-2003 school year through January 9, 2004 but awarding no compensatory education; and (4) deny plaintiff's request for compensatory damages under § 1983, § 504 and the IDEA.  I denied defendant's motion for summary judgment on plaintiff's request for compensatory education under § 504 and granted plaintiff's motion in this regard for the same compensatory education awarded under the IDEA at the administrative level.  I denied plaintiff's cross motion for summary judgment for all other claims involving the denial of compensatory education, compensatory damages or the restrictions placed on the use of the compensatory education awarded.

DISCUSSION

Under the IDEA, I have the discretion to award the prevailing party reasonable attorneys' fees.  20 U.S.C. § 1415(i)(3).  "[P]laintiffs may be considered 'prevailing parties' for attorney[s']

fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1933), quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of each factor in the lodestar equation with satisfactory evidence in addition to submitting the attorneys' own affidavits. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); Washington v. Phila. County Ct. of Common Pleas, 89 F.3d 1031, 1035-36 (3d Cir. 1996), quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The opposing party "then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." Rode, 892 F.2d at 1183. I cannot "decrease a fee award based on factors not raised at all by the adverse party." Id., quoting Bell v. United Princeton Prop., Inc., 884 F.2d 713, 720 (3d Cir. 1989).

A calculation of attorneys' fees begins with the lodestar which is the product of the appropriate billing rates multiplied by the number of hours the attorneys reasonably expended on the action. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005), citing Blum, 465 U.S. at 888. A reasonable hourly rate is calculated according to the prevailing market rates in the community charged by attorneys of equivalent skill and experience performing work of similar complexity. Washington, 89 F.3d at 1035-36. The attorneys' usual billing rate is not dispositive. Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995). I should also "'consider the complexity of the litigation and the sophistication of the services rendered' when setting an attorney's rates." Melissa G. v. Sch. Dist. of Phila., 2008 WL 160613, at *3 (E.D. Pa. Jan. 14, 2008).

5

After determining a reasonable hourly rate, I must examine the hours requested and exclude those hours that were not reasonably expended.  See Rode, 892 F.2d at 1183.  Once I determine the reasonable hourly rate and the reasonable hours expended, the two figures are multiplied to obtain the lodestar.  Id.  I "can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained."  Id., citing Hensley, 461 U.S. at 434-37.

Plaintiffs' attorneys' fees request of $92,761.55 is based on the services of the following attorneys and paralegals at their varying hourly rates and contributing hours:  David T. Painter at $270 for 6.01 hours; Dennis C. McAndrews, Esquire at $375 for 24.70 hours; Emily Foote at $90 for 16 hours; Gabrielle C. Sereni, Esquire at $270 for 59.68 hours; Heather Hulse at $125 for 0.25 hours; Heidi Konkler at $270 for 0.51 hours; Janice Hardy at $120 for 16.43 hours; Marcie Romberger, Esquire at $315 for 113.85 hours; Pat Barr at $85 for 0.75 hours; and Sarah Davis, Esquire at $230 for 116.05 hours.  In support of their requested fees, plaintiffs have submitted chronological lists of activities along with the time devoted to those tasks, and affidavits and curriculum vitaes regarding the experience of the attorneys and the prevailing rates in the community.  In support of the $2,934.73 of costs requested, plaintiffs have submitted a list of specific costs.

The District does not object to the hourly rates claimed for the attorneys in this case based on their years of experience and reputations in the field of special education law or the hourly rates claimed for the paralegals in this case.  I find these hourly rates reasonable due to their skill and experience in this area.  Washington, 89 F.3d at 1035-36.  However, the District challenges the reasonableness of the hours expended.  The District also argues that the lodestar should be reduced by at least 50% to account for plaintiff's limited success.  Finally, the District challenges

most of plaintiffs' requested costs as not taxable or chargeable.

I.      Reasonableness of Hours Expended

As I find the above hourly rates of the attorneys to be reasonable, I must examine the

hours extended to determine if they are reasonable.  "Hours are not reasonably expended if they

are excessive, redundant, or otherwise unnecessary."  Rode, 892 F.2d at 1183.  Such hours may

be excluded, as well as hours that are not sufficiently documented.  Id.  "Further, the court can

reduce the hours claimed by the number of hours spent litigating claims on which the party did

not succeed and that were distinct in all respects from claims on which the party did succeed."

Id., citation and internal quotation marks omitted.

The District claims that the hours are not reasonable and should be reduced to account

for:  (1) unspecified and vague time entries; (2) duplicative billing; (3) prior due process hearings

for which plaintiffs were not the prevailing party; (4) truancy proceedings in family court and an

evaluation by Lindamood-Bell Learning Center; and (5) excessive time spent preparing the

complaint.

A.      Unspecified and Vague Time Entries

The District challenges plaintiffs' time entries for lack of specificity and vagueness.  An

attorney seeking compensation "must document the hours for which payment is sought with

sufficient specificity."  Washington, 89 F.3d at 1037, quoting Keenan v. City of Phila., 983 F.2d

459, 472 (3d Cir. 1992).  The fee petition must be sufficiently specific to allow the court to

determine if the hours claimed are unreasonable for the work performed.  Id. at 1037-38.  It

should include "some fairly definite information as to the hours devoted to various general

activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes

7

of attorneys, e. g., senior partners, junior partners, associates." Id. at 1037, quoting Rode, 892

F.2d at 1190.  Nevertheless, "it is not necessary to know the exact number of minutes spent nor

the precise activity to which each hour was devoted nor the specific attainments of each

attorney." Id.  In Washington, the Court of Appeals found that "computer-generated summaries

of time spent by each attorney and paralegal" with "the date the activity took place" were

sufficiently specific.  Id.

       The District claims that time entries for "Review of file materials," "File Review,"

"Review of records," "preparation of file" and "Interoffice communications" should be excluded

because they are vague and unspecified.  Plaintiffs argue in their reply that such entries are

sufficiently specific but also attach a revised bill containing greater specificity of time entries.

This bill consisted of almost 60 pages chronologically listing the dates when the work was

performed, the initials of the individual attorney or staff that performed the work, the nature of

the work, the time spent on the work, the hourly rate charged and the total billable cost for each

time entry.  I find that the time entries are sufficiently specific to allow me to determine whether

hours claimed are unreasonable for the work performed.  See Washington, 89 F.3d at 1037,

holding that submitted lists with entries such as "research," "review," "prepare," "letter to," and

"conference with" clearly met standards of specificity; Mary Courtney T. v. Sch. Dist. of Phila.,

2009 WL 185426, at *3-4 (E.D. Pa. Jan. 22, 2009), finding that time entries for "review of file

materials," "review of records," or "interoffice communications" in plaintiffs' itemized list were

sufficiently specific; Damian J. v. Sch. Dist. of Phila., 2008 WL 1815302, at *4 (E.D. Pa. Apr.

22, 2008), finding that plaintiffs' itemized chronological list of "the dates when the work was

performed, the nature of the work, the time spent by individual attorney or staff, the hourly rate

charged, and the total billable cost for that time entry" sufficiently specific.  I will therefore not reduce hours on this basis.

B.     Duplicative Billing

The District objects to duplicative hours charged for more than one attorney on the same and/or similar tasks and argues such charges should be deducted from the lodestar.  "A reduction for duplication 'is warranted only if the attorneys are unreasonably doing the same work.'"  Damian J., 2008 WL 1815302, at *4, quoting Rode, 892 F.2d at 1187, internal citations omitted.

The District argues that the services of Sarah Davis and David Painter were duplicative when they both attended the due process hearing on March 22, 2005.  The billing records show that Davis billed $2,501.25 on this date for reviewing file materials for the due process hearing, and traveling to and attending the due process hearing.  The records show that Painter billed $1,350 for travel to and attendance at the due process hearing.  The District requests that I exclude Davis's fees from the lodestar.  Plaintiffs agree to a reduction from their fees of $1,350 for Painter's travel and attendance at the due process hearing.  As Davis was lead counsel at the due process and reviewed the files prior to the hearing, I will accept her fees of $2,501.25 for the due process hearing.  I will deduct $1,350 from the requested fees as conceded by plaintiffs.

C.     Prior Due Process Hearings

The District objects to all the time and costs incurred in the years 2003 and 2004 for the reason that plaintiffs were not prevailing parties in the proceedings during these periods and the legal services do not relate to the 2005 due process proceeding which involved the administrative proceeding decision that was appealed and remanded.

Generally, parties are considered prevailing parties if "they succeed on any significant

9

issue in litigation which achieves some of the benefit the parties sought in bringing suit."
Hensley, 461 U.S. at 433, internal citations omitted; J.O. ex rel. C.O. v. Orange Tp. Bd. of Educ.,
287 F.3d 267, 271 (3d Cir. 2002).  A two-prong test exists to determine whether a party seeking
fees is a prevailing party:  "[f]irst, 'whether plaintiffs achieved relief,' and second, 'whether there
is a causal connection between the litigation and the relief from the defendant.'"  J.O., 287 F.3d
at  271, quoting Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991).  A party
need not obtain all of the relief requested or the exact relief requested so long as the party
achieves some of the benefit sought in the lawsuit or the relief goes toward achieving the same
goal.  Id.  A plaintiff may be deemed a prevailing party, if "at a minimum . . . the plaintiff [is]
able to point to a resolution of the dispute which changes the legal relationship between itself and
the defendant."  Id., quoting Texas Teachers Ass'n v. Garland Sch. Dist., 489 U.S. 782, 792
(1989).  "The only clear exception to this 'generous formulation' is where the plaintiff's success
is 'purely technical or de minimus.'"  Id., citing Texas Teachers Ass'n, 489 U.S. at 792.

Prior to the due process hearing request filed in January 2005, the following four due
process hearing requests were made by plaintiffs and dismissed without decision:  (1) the first
request was filed April 4, 2003 and dismissed June 24, 2003; (2) the second request was filed
June 30, 2003 and dismissed January 6, 2004; (3) the third request was filed January 26, 2004
and dismissed June 26, 2004; and (4) the fourth request was filed September 23, 2004 and
dismissed January 11, 2005.  The District estimates from the time entries that the total attorneys'
fees accrued during the 2003 and 2004 period relating to the prior requests is $38,991.25 and
asserts that such amount should be reduced from the lodestar.  The letters from the due process
hearing officer state that the requests were dismissed without a hearing because, following

continuances for settlement purposes, he had not received an update and therefore there did not appear to be a need for a due process hearing.

Plaintiffs respond and the District does not dispute that such requests were filed to address the same time period as the subject time period of this litigation.  As the hearing officer's letters support, the dismissals were following continuances granted to allow efforts to resolve the issues without the hearing.  Because the due process requests were dismissed rather than continued until settlement was reached, plaintiffs were required to continue to refile requests when settlement discussions failed.

Plaintiffs appealed the 2005 due process hearing decision and Neena was awarded compensatory education for the period at issue on remand.  The District does not dispute plaintiffs' status as prevailing parties for this success.  A review of the time entries, the close connection between the dates the prior requests were filed and dismissed and the involvement of the same period of time for all such requests supports that the time associated with the requests in 2003 and 2004 are a part of plaintiffs' ultimate success as all went towards achieving the same goal.  See J.O., 287 F.3d at  271.  The previous requests involved the same issues and time period as the 2005 due process hearing and were therefore not distinct from the 2005 hearing at issue.  See Washington, 89 F.3d at 1044, holding that a reduction of hours for unsuccessful claims is permissible when such claims are "distinct in all respects from claims on which the party did succeed."

However, it appears from the hearing officer's letter that the dismissals were due to a failure to communicate with the officer in a timely manner regarding the status of the settlement proceedings to prevent dismissal of the requests during settlement discussions.  Thus, fees

relating to the hearing officer's dismissals and refilings of the requests that would not have accrued if the due process hearings were continued for settlement purposes rather than dismissed are not recoverable.  These fees total a reduction of $455.54 in the requested attorneys' fees.[2]

Fees related to scheduling and rescheduling the due process hearings for all periods are associated with the 2005 hearing because continuances instead of dismissals would have caused the same fees to accrue.  Additionally, even if the prior due process requests were considered to be separate from the 2005 hearing, all fees involving the attorneys familiarizing themselves with the case, communicating with the client, researching Neena's educational background and needs, communicating with counsel, and preparing for the hearings were contributions to preparing for the ultimate success on remand for the 2005 hearing opinion.  All the time entries at issue correspond to the same relief on the merits that plaintiffs ultimately achieved as they were a part of plaintiffs' ongoing attempt to obtain such relief.  See J.O., 287 F.3d at 271.  I therefore find that such fees are recoverable as plaintiffs were prevailing parties and that such fees constitute a reasonable amount of time to spend on such tasks.

The District alternatively asserts in a footnote that it has specific objections to time

---

[2]  Based upon a review of the time entries, the reduced fees include the following fees from time entries that relate to the prior due process request dismissals and refilings:  (1) $39.38 for review of correspondence reassigning case on July 3, 2003; (2) $118.13 for a review of correspondence from the hearing officer closing the case ($39.38) and preparing correspondence in response ($78.75) on January 7, 2004; (3) $78.75 for a reinstatement request for a due process hearing on January 23, 2004; (4) $39.38 for a review of correspondence from the hearing officer relinquishing jurisdiction on June 29, 2004; (5) $78.75 for preparing correspondence to reinstate the due process request on September 2, 2004; (6) $57.50 reviewing correspondence dismissing due process request and preparing correspondence to reinstate due process request on January 13, 2005; and (7) $43.65 for reviewing correspondence regarding reinstatement on January 14, 2005 (this entry included five activities but did not specify the time allotted to each activity so I treated each activity as requiring equal time).  The total of these reduced fees is $455.54.

entries in 2003 and 2004.  However, the District does not state or explain these objections

beyond asserting it has such objections.  I find that the District has therefore not met its burden of

challenging these time entries with sufficient specificity.  See Rode, 892 F.2d at 1183; Damian J.,

2008 WL 1815302, at *6.

        D.        Truancy Proceedings and Lindamood-Bell evaluation

The District objects to the time entries in 2003 and 2004 involving truancy proceedings

against Neena in Family Court totaling approximately $7,796.28 and services related to

Lindamood-Bell Learning Center totaling approximately $2,300.13.  The District claims that

such entries should be excluded from the lodestar because they were not the subject of the

appealed and remanded administrative proceeding at issue.  Additionally, the District argues that

no fee-shifting provision authorizes a prevailing party to recover legal fees for a truancy

proceeding.  Plaintiff claims that the fees incurred in the truancy proceedings were directly

caused by the District's failure to appropriately program for Neena which was the basis of their

claim in this proceeding.  Additionally, plaintiffs argue that the fees incurred in arranging the

Lindamood-Bell services were a result of an order from the truancy proceeding for the District to

provide Neena with supplemental educational services.  Plaintiffs claim that I have authority to

grant them reimbursement under Section 1415(i)(2)(b) of the IDEA.

Section 1415(i)(2)(C)(iii)[3] of the IDEA states that I "shall grant such relief as [I]

determine[] is appropriate."  20 U.S.C. 1415(i)(2)(C)(iii); Forest Grove School Dist. v. T.A., 129

S.Ct. 2484, 2491-92 (2009), holding that the 1997 Amendments to the IDEA did not change the

---

      [3]  Although plaintiffs cite that the relief comes from § 1415(i)(2)(B), the language cited
comes from § 1415(i)(2)(C).

text of the provision that provides courts with broad authority to grant appropriate relief.  Under § 1415(i)(3)(B), the IDEA permits me to award reasonable attorneys' fees at my discretion.  20 U.S.C. § 1415(i)(3)(B).

This motion involves a request for attorneys' fees requiring a determination of the reasonable attorneys' fees for plaintiffs prevailing in this litigation by obtaining a remand and an award of compensatory education on remand.  The truancy proceedings involved separate litigation in a different venue.  The Lindamood-Bell services were awarded in the truancy proceeding, not this litigation.  It appears that the appropriate forum to request attorneys' fees for the truancy proceeding and the Lindamood-Bell services would be the truancy court.  Plaintiffs fail to provide, and I cannot find, an IDEA provision that permits, or case law that supports, an award of attorneys' fees for representation in a separate truancy proceeding and obtaining an award of services in that proceeding.  Even if such a proceeding were the result of the District's failure to provide Neena a FAPE, plaintiffs fail to provide support that such fees are then recoverable under separate IDEA litigation involving that failure.

Plaintiffs' proposition that § 1415(i)(2)(C)(iii) authorizes me to award equitable relief for such fees is without support.  Although plaintiffs cite Ferren C. v. School District of Philadelphia, 2009 WL 222376 (E.D. Pa. Jan. 28, 2009), to support its proposition that I can grant equitable relief, that case involved a request for equitable relief as damages in the underlying action and not a request for equitable relief at the attorneys' fees stage of the litigation.  Plaintiffs' motion for attorneys' fees is not the appropriate avenue to seek fees incurred for these separate proceedings.  The truancy proceedings and the resulting services provided to Neena involved litigation and an award separate from this case.  The only award in

the underlying action involved compensatory education and it is for obtaining this relief that plaintiffs are entitled to attorneys' fees.  If anything, reimbursement for expenses related to the truancy proceedings and Lindamood-Bell services may have been more appropriately requested as damages in the underlying action if plaintiffs believed such were caused by the District's failure to provide Neena a FAPE.  Although I make no finding as to whether such expenses could be reimbursed under § 1415(i)(2)(C)(iii), these expenses or at least the Lindamood-Bell services appear to be similar to a request for private school expense reimbursements.  See Sch. Comm. of Burlington v. Massachusetts, 471 U.S. 359, 369 (1985), finding that reimbursing parents who spend their own funds on private special education if a court determines that the private placement was proper under the Act is appropriate relief.  If such a request had been made and relief awarded, then awarding attorneys' fees for the separate proceeding and services may have been appropriate.  I will therefore deduct $6,481.90 for time entries involving the truancy proceedings and $2,300.13 for time entries involving Lindamood-Bell for a total deduction from the lodestar of $8,782.03.[4]

### E.   Complaint

Finally, the District claims that the time entries involving the preparation of the complaint for appeal to this Court which total approximately 29.31 hours at $7,938.77 are excessive.  The

---

[4]  This total derives from the District's compilation of the fees attached to its response that are associated with the truancy proceeding in Table 5 and Lindamood-Bell services in Table 6.  I have reviewed the compilation to determine its accuracy in relation to plaintiffs' time entries.  Upon review of the District's calculations, I am deducting all fees for the listed time entries in Table 5 and 6 except for entries on the following dates related to the truancy proceedings that the District appears not to have properly calculated to adjust for the proportion of hours that were actually devoted to the activity at issue:  March 5, 2004; March 12, 2004; March 22, 2004; April 5, 2004; May 6, 2004; September 24, 2004; October 8, 2004; January 6, 2005; and January 24, 2005.

District claims that it should have taken counsel no more than 10 hours to prepare and file a federal court complaint and that I should reimburse only $2,700 in fees relating to the complaint. Plaintiffs respond that the complaint involved challenging individual IEPs for a period spanning eight years and also involved an extensive administrative history.  They also assert that the complaint required significant research and discussion of a novel, complex and highly debated statute of limitations issue and was among the first complaints dealing with this issue to be filed by the attorneys' office.  Additionally, plaintiffs claim that the preparation of the complaint overlapped with and informed the preparation of their motion to remand based on the statute of limitations issue which was filed shortly thereafter and resulted in a remand.  The complaint at issue was filed October 17, 2005 and consisted of 18 pages.  The motion to remand was filed December 20, 2005 and consisted of 34 pages.  At the time that plaintiffs' complaint was filed, Judge Padova's opinion in <u>Amanda A. v. Coatesville Area School District</u>, 2005 WL 426090 (E.D. Pa. Feb. 23, 2005) had already been decided and published and plaintiffs relied upon it in their complaint.  Although a review of the complaint and the motion to remand supports plaintiffs' other assertions, Judge Padova's decision in <u>Amanda A.</u> was available to the plaintiffs well before they filed their complaint and it greatly assisted plaintiffs in preparing the complaint with regard to the "novel and complex" statute of limitations issue.  This undermines plaintiffs' claim that this "novel and complex" issue justifies the amount of time spent on the complaint.  I conclude the hours expended to prepare the complaint should be reduced to 15 hours for reimbursement of $4,062.83.

The total of the fees reduced for the services discussed above is $14,650.40.

II.   <u>Reduction of Lodestar</u>

Based on my determination of the above reasonable rates and hours, the applicable lodestar figure is $78,111.15, a reduction from plaintiffs' original attorneys' fees request of $92,761.55.

I can "adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained." Rode, 892 F.2d at 1183, citing Hensley, 461 U.S. at 434-37.  "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." Hensley, 461 U.S. at 440.  "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Id.  If a plaintiff has achieved limited success, even where "claims were interrelated, nonfrivolous, and raised in good faith," a fully compensatory amount may be excessive.  Id. at 436.  The court can adjust the lodestar downward for time spent litigating wholly or partially unsuccessful claims related to the litigation of successful claims.  Rode, 892 F.2d at 1183. "There is no precise rule or formula for making these determinations.  [I] may attempt to identify specific hours that should be eliminated, or [I] may simply reduce the award to account for the limited success.  [I] necessarily ha[ve] discretion in making this equitable judgment." Id. at 436-37.

The District requests a reduction in the lodestar of at least 50% to account for plaintiffs' limited success.  The District claims that plaintiffs' success is limited because they did not get relief on appeal following remand since the Appeals Panel affirmed and the only relief granted to plaintiffs by this Court was the same compensatory education for their § 504 claim that they received from the hearing officer under their IDEA claim.  Plaintiffs respond that they already accounted for the lack of success on appeal after remand and have not sought reimbursement for

17

any of the significant fees accrued in pursuing such appeals.  See In re Educational Assignment of Joseph R., 318 Fed. Appx. 113, 120 (3d Cir. 2009), finding that the plaintiffs were not a prevailing party at the district court level when they agreed to a settlement that did not provide them with any relief beyond that which they had already achieved in the administrative proceedings.  The District does not provide evidence to the contrary and a review of the submitted time entries supports that none of the hours listed on the time entries consist of dates beyond the date of the due process hearing decision of July 22, 2006 to indicate an inclusion of attorneys' fees accrued in appealing that decision.  Plaintiffs seek reimbursement for attorneys' fees for the period of January 7, 2003 through July 12, 2006.  Thus, a reduction of the lodestar to account for plaintiffs' limited success when they have not included fees for appealing the July 22, 2006 due process decision would be inappropriate.  The District provides me with no other reason that plaintiffs had limited success to reduce the lodestar.

In my March 27, 2006 Order, I remanded the case in response to plaintiffs' appeal of the hearing officer's decision on July 19, 2005 barring relief due to the statute of limitations and the Appeal Panel's affirmance of that decision on August 23, 2005.  On remand, plaintiffs were awarded significant relief as the District was found to have denied Neena a FAPE for that time period and compensatory education was awarded.  Thus, due to this substantial success, I find that the lodestar is not subject to a reduction and the lodestar figure remains $78,111.15.

III.    Costs

Plaintiffs seek reimbursement for costs in the amount of $2,934.73 for a $2,475 evaluation by Andrew Klein, $250 for a filing fee, $34.98 for mileage to truancy proceedings, $53.09 for parking, $23.11 for photocopies, $29.25 for train fares and $69.30 for travel expenses.

18

The District objects to the costs associated with the evaluation and the costs for mileage, train fares, travel, parking and photocopying.

The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to the parents of "a child with a disability" who is the "prevailing party." 20 U.S.C. § 1415(i)(3)(B). This "was not meant to be an open-ended provision that makes participating States liable for all expenses incurred by prevailing parents in connection with an IDEA case – for example, travel and lodging expenses or lost wages due to time taken off from work." Arlington, 548 U.S. 291, 297 (2006). Section "1415(i)(3)(B) does not say that a court may award 'costs' to prevailing parents; rather, it says that a court may award reasonable attorney[s'] fees 'as part of the costs' to prevailing parents. This language simply adds reasonable attorney[s'] fees incurred by prevailing parents to the list of costs that prevailing parents are otherwise entitled to recover." Id. The list of otherwise recoverable costs is set out in 28 U.S.C. § 1920, the general statute governing the taxation of costs in federal court. Id. at 297-98; Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987), holding that "absent explicit statutory or contractual authorization for the taxation of expenses as costs," federal courts are bound by 28 U.S.C. § 1920 and § 1821. The following costs are recoverable under § 1920: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28

U.S.C. § 1828 of this title.  28 U.S.C.§ 1920.  The recovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem.  <u>Arlington</u>, 548 U.S. at 298; <u>see</u> 28 U.S.C. § 1821.  The IDEA does not permit parents to recover the cost of experts or consultants.  <u>Arlington</u>, 548 U.S. at 300.  The Court of Appeals "disallows costs for the following non-inclusive list of items: postage and courier fees, overtime, unreasonable author's alterations, motions, and 'non-filed' documents."  <u>Matter of Penn Central Transp. Co.</u>, 630 F.2d 183, 191 (3d Cir. 1980); <u>Laura P. v. Haverford Sch. Dist.</u>, 2009 WL 1651286, at *9 (E.D. Pa. June 12, 2009).

The $250 cost for filing this action in federal court is reimbursable, and will be allowed. Costs for parking, train fare, mileage, and travel expenses are not authorized by § 1920.  <u>See</u> <u>Arlington</u>, 548 U.S. at 297; <u>Laura P.</u>, 2009 WL 1651286, at *9, disallowing costs for parking, mileage and travel expenses; <u>Damian J.</u>, 2008 WL 1815302, at *6, disallowing costs for mileage and parking costs.[5]  These costs totaling $186.62 will not be allowed.  Section 1920 authorizes fees for copies "necessarily obtained for use in the case."  28 U.S.C. § 1920.  Plaintiffs request for reimbursement of $23.11 for photocopies will therefore be allowed.

Finally, plaintiffs request reimbursement of $2,475 for the evaluation done by Andrew Klein on May 16, 2006.  The District claims that such an expense is not recoverable under the IDEA.  Plaintiffs claim that reimbursement for such expert witness fees is available under the

---

[5]  Plaintiffs cite <u>Ryan P. ex rel. Christine P. v. Sch. Dist. of Phila.</u>, 2008 WL 724604 (E.D. Pa. Mar. 18, 2008) to support their proposition that they are entitled to reimbursement of parking costs under the IDEA.  In <u>Ryan P.</u>, the court stated that "nothing in the IDEA precludes recovery of parking costs."  <u>Id.</u> at *8.  However, the court in <u>Ryan P.</u> permitted such reimbursement without discussing § 1920 which, as discussed above, does not authorize recovery of such costs.

IDEA and that, even if it were not, it is available under § 504.  In Arlington, the Supreme Court held that the IDEA does not allow prevailing parents to recover the costs of experts fees. Arlington, 548 U.S. 297-304; Mary Courtney T., 2009 WL 185426, at *6.   Thus, reimbursement for the evaluation is not available under the IDEA.  Section 504 incorporates the remedies available under the Civil Rights Act of 1964 which specifically provides for the taxation of expert fees at 42 U.S.C. § 2000e-5(k).  29 U.S.C. § 794a(2); 42 U.S.C. § 2000e-5(k), stating that "the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs."  As plaintiffs were entitled to the same compensatory education under § 504 as they were awarded under the IDEA, they are prevailing parties under § 504 as well.  Thus, plaintiffs are entitled to reimbursement for the evaluation under § 504 and the $2,475 evaluation will not be deducted from plaintiffs' requested costs.  See Ryan P., 2008 WL 724604, at *8, stating that § 504 permits taxation of expert witness fees but finding that plaintiffs only requested relief under the IDEA; but see Laura P., 2009 WL 1651286, at *10 n.12, finding that it is inconceivable that the Supreme Court in Arlington would hold that expert or consultant fees incurred by prevailing parents in connection with an IDEA case are not recoverable, but allow these fees under the Americans with Disabilities Act in the same case.

I will therefore deduct a total of $186.62 from plaintiffs' requested costs and plaintiffs will be reimbursed $2,748.11 for costs incurred.

An appropriate Order follows.[6]

---

[6]  The District requested a hearing and/or oral arguments on plaintiffs' motion for attorneys' fees.  In view of the helpful quality of the briefing I do not find oral argument necessary.